IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>TASNEEF AHMED CHOWDHURY, )<br>)<br>Defendant. ) | Case No. 1:19-cr-57<br><br>The Hon. Liam O'Grady<br><br>Sentencing Date: Nov. 17, 2020 |

**POSITION OF THE UNITED STATES
<u>WITH RESPECT TO SENTENCING</u>**

The defendant, Tasneef Ahmed Chowdhury, comes before the Court for sentencing after pleading guilty to conspiring to manufacture, distribute, and possess with the intent to manufacture and distribute 1,000 or more marijuana plants and other controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846. The United States has reviewed the Presentence Report and concurs with the findings of the Probation Office. For the reasons stated herein, the United States respectfully submits that a sentence of 121 months of incarceration is reasonable and avoids unwarranted sentencing disparities.

Further, the United States agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This one-level decrease has already been taken into account by the Probation Office in its guideline calculations and is reflected in paragraph 100 of the Presentence Report.

I.      Factual and Procedural Background

The Federal Bureau of Investigation ("FBI") and the Fairfax County Police Department ("FCPD") began investigating members of the Reccless Tigers and its affiliated gangs several years ago because members were suspected of distributing significant quantities of marijuana and other controlled substances and of engaging in violent acts. Law enforcement developed a few confidential informants who were able to purchase controlled substances from co-defendants Peter Le, Anthony Nguyen Thanh Le, Dane Nicholas Hughes, and Spencer Pak. During this time, law enforcement continued to investigate Reccless Tigers members for their involvement in fire bombings, assaults, and a murder that took place at one of the gang's house parties in April 2016.

The abduction and murder of Brandon White on January 31 and February 1, 2019, dramatically changed the investigation. Beginning on February 15, 2019, and continuing through October 31, 2019, the United States charged a number of Reccless Tigers members, including the defendant, and other individuals associated with them in an effort to disrupt and dismantle the gang, prevent further violence, and develop evidence necessary to prosecute those involved in Brandon White's murder and other violent gang activities.

A.      Background on the Reccless Tigers Gang

The Reccless Tigers is a street gang operating in Northern Virginia but with connections elsewhere, including Richmond, Virginia; North Carolina; Texas; Las Vegas, Nevada; and Northern and Southern California.[1] Co-defendants Richard Pak, Tony Le, and Joseph Lamborn

---

[1] As used here, the term Reccless Tigers includes predecessor and affiliate gangs such as the Asian Boyz (a/k/a ABZ), Young Korean Loks (a/k/a YKL), Korean Dragon Crew (a/k/a KDC), Sons of Gong (a/k/a SOG), Club Tiger, Tiger Side, and Lady Tigers (a/k/a Lady Ts).

founded the Reccless Tigers gang in and around 2011. After its founding, the gang flourished and grew to over 100 members and associates. The gang was also affiliated with the powerful Asian Boyz gang, a California-based street gang.

Reccless Tigers members primarily earned money by selling illegal controlled substances, particularly marijuana and marijuana products, such as vape pens and edibles containing tetrahydrocannabinol ("THC"). The gang also trafficked in cocaine and, to a lesser extent, prescription medications, ecstasy, lysergic acid diethylamide ("LSD"), ketamine, and heroin. Reccless Tigers members shipped most of the marijuana and THC products from locations in California to locations in the Eastern District of Virginia. Gang members actively sold large quantities of marijuana and THC products to students located in various high schools in Northern Virginia. Gang members also actively recruited high school students to join the gang and distribute controlled substances.

The Reccless Tigers, through co-defendant Tony Le, invested in marijuana grow operations in California. One such operation, dubbed "the farm," was located near Hayfork, California, and was owned and operated by co-defendant Joshua Miliaresis. In 2017, Tony Le paid Miliaresis $200,000 for a 55% share of the marijuana produced at the farm. Beginning in mid-2017, Tony Le and Peter Le sent a number of gang members to the farm to work off drug debts. Others went simply because they thought it would be fun and a way to make some money. Information obtained from cooperating witnesses who had been to the farm along with information gleaned from social media postings from gang members working on the farm (including videos and photographs) led to the execution of federal search warrants on July 24, 2019, on seven parcels of land near Hayfork, a town in north-central California. Agents eradicated over 12,000 marijuana

3

plants found on these properties.

The growth of the gang's drug business was matched by an increase in violent crimes by its members. Most of the earliest reports of gang violence were fights at predominately Asian clubs and restaurants, high schools, parks, shopping malls, bowling alleys, and other public venues. Some of the fights occurred between fellow gang members. The FBI and local law enforcement have identified over 50 incidents of violence in Northern Virginia attributed to the gang since 2012. Most of these incidents have not resulted in any arrests or convictions. These include simple assaults, malicious woundings, gang fights, burglaries, robberies, extortion, abductions, shootings, attempted homicides, and two homicides. Much of the violence committed by gang members occurred over drug debts, including drug debts owed by one gang member to another and drug debts owed by a non-member to a gang member. When threats and beatings proved ineffective in collecting the debts, the violence escalated to fire-bombings of residences.

Reccless Tigers members are also responsible for two homicides. The first homicide, which remains unsolved, occurred at one of the gang's house parties in April 2016. During the party, one of the guests (the "Victim") began arguing with a gang member. The argument turned into a brawl, during which numerous gang members attacked the Victim. The Victim was stabbed in the chest during the fight, and he then left the party with friends unaware that he had life-threatening injuries. He died later that night at his home.

The second homicide occurred on February 1, 2019, and it was this incident that prompted the first round of federal arrests in this case. The victim, Brandon White, owed Young Yoo approximately $10,000 for marijuana he had obtained in 2015-2016. Co-defendant David Nguyen assaulted White over this drug debt on August 8, 2018, which resulted in White sustaining

serious injuries that required hospitalization. The FCPD subsequently arrested Nguyen and charged him with robbery and malicious wounding. As Nguyen's criminal case progressed, gang members became aware that White had been subpoenaed to testify against Nguyen at a preliminary hearing. In response, gang members attempted to pay White in return for White refusing to cooperate in Nguyen's prosecution. Gang members also threatened to kill White if he testified. White refused the gang's offer, and he testified against Nguyen on November 19, 2018. Less than two and a half months later, gang members made good on their threat by murdering White.

### B. The Defendant's Role in the Gang

In and around 2016, the defendant joined the Reccless Tigers gang. Prior to joining the gang, the defendant was close friends with a number of gang members and regularly distributed marijuana. After joining the gang, the defendant continued to regularly distribute marijuana, which he obtained from Tony Le and Peter Le.

During the course of the conspiracy, the defendant had two key roles. First, the defendant became a trusted manager at the gang's marijuana grow operation, which gang members referred to as the "farm." As stated above, in and around 2017, Tony Le invested in the farm with Joshua Miliaresis. Both Tony Le and Peter Le recruited gang members to travel to the farm and work. The defendant spent considerable time at the farm between 2017 and 2019. During this time, the defendant learned how to cultivate and manufacture marijuana. Miliaresis came to trust the defendant, and left the defendant in charge when he was away from the farm.

Moreover, the defendant's social media accounts indicate that he regularly posted about his role and the manufacturing of marijuana at the farm. The defendant also posted photographs of firearms. Further, the defendant followed and was in frequent contact with other committed

gang members. These committed gang members regularly posted about their activities and possession of controlled substances and firearms.

Law enforcement included some of the defendant's posts about the farm in the affidavit in support of a search warrant. On or about July 24, 2019, law enforcement executed a court-authorized search of the marijuana grow operation located in Hayfork. During the search, law enforcement eradicated over 12,000 marijuana plants, and seized ammunition, U.S. currency, and other items. Law enforcement also located and arrested the defendant, who was present on the farm.

The defendant also furthered the gang's mission by laundering drug proceeds. The defendant regularly deposited or had others deposit money at bank locations in the Eastern District of Virginia, and then withdrew money from bank locations near Hayfork, Virginia. The defendant through his actions ensured that Tony Le and the farm received drug proceeds, which were essential to ensuring that gang members in Northern Virginia continued to receive a regular supply of marijuana.

A federal grand jury sitting in the Eastern District of Virginia returned the Third Superseding Indictment, which charged the defendant with conspiracy to manufacture, distribute, and possess with the intent to manufacture and distribute 1,000 or more marijuana plants and other controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846. On January 16, 2020, the defendant pleaded guilty to this charge. This Court must sentence the defendant to at least 120 months of confinement.

II.     Analysis of Sentencing Factors

In addition to the properly calculated guideline range, this Court is also required to consider

the sentencing factors identified in 18 U.S.C. § 3353(a). Those factors weigh in favor of imposing a sentence of 121 months of incarceration for the reasons set forth below.

    A.    <u>The Defendant is a Danger to Society</u>

First, the defendant is a danger to society. The defendant was a longstanding and committed member of a violent street gang. The defendant through his actions furthered the goals of this violent street gang. As a manager at the gang's marijuana grow operation in California, the defendant was critical to ensuring gang members were supplied with considerable amounts of marijuana, which gang members then actively marketed and sold to local high school students. Minors consuming controlled substances has the potential to interfere with their schooling and lead to lower achievement levels. Indeed, many of the co-defendants in this case either dropped out of high school or were expelled because they were using controlled substances. And, students failing to achieve their potential in high school can have serious consequences for the student, their family, and society.

Moreover, the defendant also regularly laundered drug proceeds between the Eastern District of Virginia and California. The transporting and laundering of drug proceeds from Northern Virginia to California was essential to ensuring the marijuana operation continued to operate. The defendant through his actions therefore ensured that the violent street gang continued to successfully operate in Northern Virginia, which endangered the community. The welfare of the community, however, meant nothing to a defendant who was a committed gang member.

    B.    <u>The Defendant's Sentence Must Deter Others</u>

Second, this case strongly implicates the need to impose a sentence that will deter others.

The defendant was a committed and active gang member whose actions were vital to ensuring that the Reccless Tigers had a reliable supply of marijuana. The defendant's sentence therefore must serve as a warning to others, including younger members of the community that ours is a society of laws and that repeatedly engaging in conduct that endangers the community will result in a significant sentence.

      C.      <u>The Need to Avoid Unwarranted Sentencing Disparities</u>

This Court recently sentenced seven co-defendants and will sentence a further eight co-defendants in the next two months. It is therefore important that the defendant's sentence reflect his role in the conspiracy. The United States concurs with the Probation Office that the defendant was a manager or supervisor (but not an organizer or leader) and that the conspiracy involved many more than five participants or was otherwise extensive. As such, the defendant is more culpable than many of the other defendants.

First, the defendant was a longstanding member of the gang and well aware of its evolution from a small group to a violent street gang. Second, the defendant was trusted with managing and supervising the marijuana grow operation in California, which was essential to the gang's success and operations in Northern Virginia. Third, the defendant was trusted with laundering more than $145,000 in drug proceeds and had Tony Le's trust and confidence. For these reasons, the United States submits that the defendant is among the more culpable gang members who were not themselves directly involved in violent acts.

This Court recently sentenced Tyler Sonesamay, who was not directly involved in violent acts, to 120 months of confinement. Sonesamay was a gang member longer than the defendant was and distributed both marijuana and cocaine. However, Sonesamay did not have a managerial

8

or supervisory role in the gang. Based on the totality of the defendant's conduct and his managerial role, this Court should sentence the defendant to at least the term of imprisonment Sonesamay received.

III.     Conclusion

In light of the seriousness of the defendant's misconduct and the need to avoid unwarranted sentencing disparities, a term of 121 months of imprisonment is appropriate. Such a sentence would account for the nature of the defendant's crime, protect the public from the defendant, and avoid unwarranted sentencing disparities.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  _____/s/_____
Carina A. Cuellar
James L. Trump
Assistant United States Attorneys
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   (703) 299-3700
Fax:     (703) 299-3980
E-mail:  carina.cuellar@usdoj.gov