IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-57 (LO) |
| | ) | |
| KHALIL JAMIL YASIN | ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for April 20, 2021. As discussed below, we ask that the Court sentence the defendant to a term of imprisonment of 120 months, to be served concurrently with his undischarged state sentence for relevant conduct, with credit for time-served commencing on November 29, 2017.

**I.    Background**

The defendant, Khalil Yasin, was a member of the Reccless Tigers, a violent street gang in Northern Virginia.[1] The Presentence Report describes in detail the gang's history, narcotics trafficking, and acts of violence, as well as the various roles of the defendants in this case. The Fourth Superseding Indictment similarly describes the history and structure of the gang and its decade-long pattern of racketeering activity, including numerous acts of violence, narcotics trafficking, money laundering, obstruction of justice, and other offenses (*see United States v. Peter Le et al.*, No. 1:19-cr-57 (LO) at Dkt. 439).

Yasin was born in Jordan but raised in Northern Virginia. He is a naturalized United States citizen. In 9th grade, he was sent by his family to Jordan, where he spent the next three years attending school. When he returned to the United States, he finished his high school

---

[1] As used here, the Reccless Tigers includes the Reccless Tigers and its affiliated entities of Club Tiger, Tiger Side, Lady Ts, and the Asian Boyz, and those, like the defendant, associated with them.

education in Fairfax County, and he received his high school diploma. Yasin took classes at Northern Virginia Community College, but he did not receive a degree.

Yasin began associating with the Reccless Tigers in 2011, and he joined the gang in 2015. Yasin regularly obtained marijuana from Tony Le, one of the gang's leaders, typically in pound and multi-pound quantities. He sold marijuana to a variety of customers, including college students at several institutions in Virginia. Yasin also obtained THC products (*e.g.*, vape pens) and cocaine through the gang, which he then distributed.

On June 16, 2016, Yasin participated in a break-in and robbery at the studios of NICE Entertainment in Fairfax, Virginia. Yasin and several gang members, including Peter Le, Kyu Hong, and Young Yoo, broke into the studio, assaulted one of the employees, and stole valuable electronics and music equipment. Yasin inadvertently dropped his wallet during the robbery, and he was subsequently arrested by Fairfax County Police. Yasin was convicted at trial of felony robbery and sentenced to five years imprisonment.

## II.    Sentencing Guidelines

The defendant's offense level for Count 1 of the Third Superseding Indictment is a level 30 based on 1000 to 3000 kilograms of converted drug weight. He qualifies for a 2-level enhancement for the use of violence pursuant to USSG § 2D1.1(b)(2). There is no adjustment for role in the offense, resulting in an adjusted offense level of 32. Yasin has accepted responsibility, and the government moves for an additional 1-level decrease in his offense level pursuant to USSG § 3E1.1(b) for his timely plea. This results in a total offense level of 29, and, with a criminal history category of II, a restricted sentencing guideline range of 120-121 months.

### III. The 18 U.S.C. § 3553 Factors

The defendant faces a statutory penalty of no less than 120 months imprisonment. The United States submits that a total sentence of 120 months is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must take into account when imposing its sentence.

### A. The § 3553(a)(1) Factors

Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history, including his criminal history.

#### 1. The Nature and Circumstances of the Offense

The Court is familiar with the government's investigation and prosecution of the Reccless Tigers and those associated with the gang. The gang's drug trafficking was extensive, generating millions of dollars in drug proceeds. Members of the gang distributed marijuana, THC products, cocaine, prescription drugs, ecstasy, and LSD, primarily in Northern Virginia but also in Richmond and other locations. The gang sold its products to middle school, high school, and college students, using social media platforms to market its "brand." Violence was part of the gang's image, and gang members armed themselves with handguns, shotguns, and assault rifles as reflected in hundreds of videos and photographs posted on their social media accounts. As the gang's drug networks grew, so did its violence. Those who owed the gang money or offended the gang in some way were threatened, beat up, robbed, firebombed, stabbed, and murdered.

Yasin was a gang member who sold substantial quantities of controlled substances

obtained through the gang.   He was present at, and participated in, many of the gang's functions.

### 2. The History and Characteristics of the Defendant

As noted, Yasin was born in Jordan and raised in Northern Virginia.   He graduated from high school and has attended college.   Yasin has a long history of substance abuse.

### B. The § 3553(a)(2) Factors

Under § 3553(a)(2), the Court must also consider whether a total sentence of 120 months satisfies four additional factors.   First, as discussed above, a sentence within this range would certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Second, a sentence within this range would serve to deter others from committing the same or similar offenses.   At the local level, offenses tied to gang activity often result in little or no jail time.   Without meaningful sentences, criminal organizations such as the Reccless Tigers will continue to flourish.

Third, a sentence of imprisonment within this range will protect the public from any further crimes by this defendant.

Finally, a sentence within this range may provide the defendant with needed educational or vocational training and any medical or psychological treatment.   He may be well served by the educational opportunities afforded by BOP.

C.  The § 3553(a)(6) Factor

Under 18 U.S.C. § 3553(a)(4) and (5), the Court must consider the kinds of sentence and the sentencing range established for the offense under the sentencing guidelines. Under 18 U.S.C. § 3553(a)(6), the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The following chart lists the sentences for each of the defendants sentenced previously by the Court:

| Defendant | Sentence |
|---|---|
| Kevin Aagesen | 188 months |
| Fahad Abdulkadir | 192 months |
| Zu Hun Chang | 42 months |
| Tasneef Chowdhury | 121 months |
| Angel Le | 42 months |
| Tyler Le | 135 months |
| Soung Park | 132 months |
| Abdullah Abdow Sayf | 180 months |
| Brandon Sobotta | 7 months |
| Tyler Sonesamay | 120 months |
| Spencer Pak | 120 months |
| David Nguyen | 171 months |
| Kyu Hong | 216 months |
| Brandon Sobotta | Time-served |

The government believes that Yasin falls in the same category as gang members Tasneef Chowdhury, Tyler Le, Soung Park, Tyler Sonesamay, and Spencer Pak, who have been sentenced between 120 and 135 months.   While there are obvious differences among them, their sentences reflect their status within the gang, criminal histories, and their respective roles in the offense.   As such, a sentence of 120 months for Yasin avoids any unreasonable sentence disparity.

## Conclusion

For these reasons, and for the reasons set forth in the Presentence Report, we ask that the Court sentence the defendant to 120 months imprisonment.   We further request that (1) this sentence run concurrently with the defendant's undischarged state sentence and (2) the defendant receive credit for time served dating back to November 29, 2017, the date on which he was incarcerated for that state offense.

Respectfully submitted,

Raj Parekh
United States Attorney

By:      /s/
James L. Trump
Carina A. Cuellar
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2021, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By:         /s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov