PROB 49 (3/89)
VAE (rev. 05/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Khalil J. Yasin                                    Criminal No. 1:19CR00057-17

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing, at no cost to me, if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

Vacate modification #1 ordered by Your Honor on September 4, 2025, (Document No. 1179) and replace with the following language:

1) The defendant shall be allowed to possess one (1) personal cellphone and one (1) personal computer, both of which must be compatible with and subject to computer monitoring software.

As it relates to his two (2) authorized devices; the defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant.

To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use.

The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

**TO CLERKS OFFICE**

Page 1

PROB 49 (3/89)
VAE (rev. 05/17)

With the exception of his two (2) authorized devices, the defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. Computer use for legitimate employment purposes may be permitted, provided it is monitored by his approved employer and approved in advance by the probation officer.

Witness: A. Steppat
U.S. Probation Officer

Signed: _____
Supervised Releasee

Date: 9/19/25

Respectfully,

## ORDER OF COURT

Considered and ordered this 4th day of October, 2025 and ordered filed and made a part of the records in the above case.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

Annabella Steppat
Digitally signed by Annabella Steppat
Date: 2025.09.22 17:04:16 -04'00'

Annabella K. Steppat U.S. Probation Officer (703) 299-2308 Place: Alexandria
Date: September 22, 2025

TO CLERKS OFFICE

Page 2